# LICHTEN & LISS-RIORDAN, P.C.

ATTORNEYS AT LAW

HAROLD L. LICHTEN×
SHANNON LISS-RIORDAN×∆◊
SARAH SCHALMAN-BERGEN■
MATTHEW W. THOMSON×
THOMAS P. FOWLER×◊
BRADLEY MANEWITH•
KRYSTEN CONNON^■
JEREMY ABAY^■◊
OLENA SAVYTSKA×
————————
MATTHEW CARRIERI×
JACK BARTHOLET×
TREVOR BYRNE×
MORINE MITCHELL×
BENJAMIN J. WEBER× OF COUNSEL

729 BOYLSTON STREET, SUITE 2000
BOSTON, MASSACHUSETTS 02116
————————

TELEPHONE 617-994-5800
FACSIMILE 617-994-5801

WWW.LLRLAW.COM
————————

× ADMITTED IN MASSACHUSETTS
∆ ADMITTED IN CALIFORNIA
◊ ADMITTED IN NEW YORK
■ ADMITTED IN PENNSYLVANIA
• ADMITTED IN ILLINOIS
^ ADMITTED IN NEW JERSEY
♦ ADMITTED IN CONNECTICUT

January 21, 2025

Christopher G. Conway
Office of the Clerk
United States Court of Appeals of the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 S. Dearborn Street, Room 2722
Chicago, IL 60604

  Re: *Richards v. Eli Lilly and Company, et al.*, No. 24-02574

Dear Mr. Conway:

  We write in response to Defendants-Appellants' letter of January 21, 2025 (Dkt. 43), apprising the Court of *E.M.D. Sales, Inc. v. Carrera*, 604 U.S. ---, 2025 WL 96207 (Jan. 15, 2025).

  In *E.M.D. Sales*, the Supreme Court held that the preponderance of the evidence burden of proof applies when an employer seeks to demonstrate that an employee is exempt from the minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq. See E.M.D. Sales*, 2025 WL 96207, at *4. This unremarkable proposition has nothing to do with the issue before this Court.

  The application of an FLSA exemption is an affirmative defense on which the defendant carries the burden of proof. *Jirak v. Abbott Lab'ys, Inc.*,

566 F. Supp. 2d 845, 849 (N.D. Ill. 2008). As courts in this Circuit and throughout the country have noted, affirmative defenses, including an FLSA exemption, are not properly determined at the conditional certification stage due to the limited record before the court; instead, these affirmative defenses are properly considered at a later stage in the litigation on a fuller record. *See, e.g., id.* at 850 ("Whether pharmaceutical representatives are exempt from the FLSA cannot be determined based on the limited record developed at this [conditional certification] stage.... These are issues that must be decided at later stages of the litigation."); *Rottman v. Old Second Bancorp, Inc.*, 735 F. Supp. 2d 988, 992 (N.D. Ill. 2010); *Meyer v. Panera Bread Co.*, 344 F. Supp. 3d 193, 207 (D.D.C. 2018) (finding that "issues of the applicability of an FLSA exemption are . . . premature" at the conditional certification stage, and collecting cases holding the same).

Accordingly, the standard of proof that courts must apply in adjudicating an affirmative defense, which requires merits-based, individualized inquiries, bears little relevance to the proper standard for authorizing the issuance of notice of a case to similarly situated employees – an inquiry that should occur at the outset of litigation without a significant record. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 171-72 (1989)

Sincerely,

/s/ Harold Lichten
Harold Lichten

cc: All counsel of record via CM/ECF